### EARL BLANCHARD et ux. v. STATE.

No. A-3842.    Opinion Filed May 27, 1922.
(207 Pac. 96.)

(Syllabus.)

1. **Depositions—Statutory Procedure Mandatory.** Depositions in criminal cases were unknown to the common law. The authority trial courts of this state have in permitting depositions of nonresident witnesses to be taken in criminal cases is derived from the statute, and neither the defendant nor the state is required to consent to the taking of such depositions in any other mode than that prescribed by the statute.

2. **Same—Stipulations—Consent by County Attorney to Use of Nonresident Witnesses' Depositions Illegally Taken.** The county attorney, on behalf of the state, may consent to the use as evidence of depositions of nonresident witnesses taken without a commission having been issued.

3. **Same—Motion to Suppress Made Too Late.** Where the county attorney stipulates that defendant may take in his behalf depositions of nonresident witnesses without the issuance of a commission, and that such depositions may be read at the trial, a motion to suppress the depositions as a whole, made for the first time when the depositions are offered in evidence, comes too late and should be overruled. For reasons for so holding, see body of opinion.

Appeal from District Court, Ottawa County; S. C. Fullerton, Judge.

Earl Blanchard and Mrs. Earl Blanchard were convicted of murder and sentenced to life imprisonment, and they appeal. Reversed and remanded.

Blanton & Shannahan, Dennis H. Wilson, J. J. Smith, A. W. Turner, Arthur G. Croninger, and Pruiett, Sniggs, Patterson & Morris, for plaintiffs in error.

The Attorney General and E. L. Fulton, Asst. Atty. Gen., for the State.

MATSON, J. On the 14th day of January, 1920, the county attorney of Ottawa county filed in the district court of said county an information jointly charging Earl Blanchard and Mrs. Earl Blanchard with the murder, by shooting, of Charles Stricker, on the 22d day of October, 1919.

The killing occurred in the city of Commerce, in Ottawa county, at nighttime; the deceased being a police officer of said county. On the night of the tragedy an automobile belonging to a citizen of Miami, Okla., located four miles south of the city of Commerce, was stolen from a place on the public streets of said city. The stolen car was driven north to the city of Commerce, and the killing of the deceased occurred while the stolen car was being driven through the city of Commerce and while the deceased was trying to compel the thief to stop the car in a public street in the city of Commerce; the fatal shot being fired by an occupant of the car. The defendant Earl Blanchard was identified by some of the witnesses as the person who fired the fatal shot. Some witnesses also testified that the defendant Mrs. Earl Blanchard was riding in the car with the defendant at the time the fatal shot was fired, but there is no evidence in the record that she fired any shots at the deceased or took any part in the killing, her only connection with the crime being that she was with her husband in the city of Miami that day prior to the larceny of the automobile and was riding with him in the stolen car after it was stolen, and was also seen with him in the city of Joplin, Mo., the next morning after the commission of the homicide; and she was also identified by a chauffeur of a service car

who testified he drove the defendants from Joplin, Mo., to the town of Carthage, Mo., on the next day after the homicide. The defendants were residents of the city of Nevada, Mo., and the defense relied upon was an alibi.

Among the assignments of error urged as grounds for a reversal of this case is the alleged error of the trial court in rejecting admissible, competent, relevant, and material testimony offered by the defendant at the trial, all over the objection and exception of each of the defendants. This ground for reversal is based upon the action of the trial court in excluding certain depositions of witnesses taken on behalf of the defendants in the state of Missouri at the cities of Kansas City and Nevada. These depositions were taken pursuant to stipulations entered into on the 21st day of February, 1920, between the county attorney of Ottawa county, acting through his duly appointed and qualified deputy, and counsel for the defendants. Said stipulations read as follows:

"Defendant's Exhibit 1. In the District Court of Ottawa County, Oklahoma. State of Oklahoma, Plaintiff, v. Earl Blanchard and Vida Blanchard, Defendants. No.—. Stipulation to Take Depositions.

"It is hereby agreed by and between the plaintiff and the defendants that depositions of sundry witnesses may be taken on the part of the defendants at the law office of Blanton and Shannahan, 306 Keith & Perry Bldg., southwest corner of Ninth and Walnut streets, in the city of Kansas City, county of Jackson, state of Missouri, on Friday the 27th day of February, 1920, between the hours of 8:00 o'clock in the forenoon and 6:00 o'clock in the afternoon of that day and will be continued from day to day at the same place and between the same hours until completed.

"That said deposition may be taken in shorthand by a stenographer and transcribed in typewriting and the signatures of witnesses to said depositions are waived.

"That formal notice of the taking of said depositions as to time and place is hereby waived and it is agreed also that all objections to the materiality, competency, and relevancy of any of the questions or answers may be read at the trial of this cause at the time said depositions are read with the same force and effect as is made at the taking of the depositions and the filing of written objections is waived.

"Dated this the 21st day of February, 1920.

"Defendant's Exhibit 2. In the District Court of Ottawa County, Oklahoma. State of Oklahoma, Plaintiff, v. Earl Blanchard and Vida Blanchard, Defendants. No. —. Stipulation to Take Depositions.

"It is hereby agreed by and between the plaintiff and the defendants that depositions of sundry witnesses may be taken on the part of the defendants at the law office of W. M. Bowker, Bowker building, northeast corner of the Public Square in the city of Nevada, county of Vernon, state of Missouri, on Wednesday, the 25th of February, 1920, between the hours of 8:00 o'clock in the forenoon and 6:00 o'clock in the afternoon of that day, and that if the taking of said depositions is not completed on that day will be continued from day to day at the same place and between the same hours until completed.

"That said depositions may be taken in shorthand by a stenographer and transcribed in typewriting and the signatures of witnesses to said depositions are waived.

"That formal notice of the taking of said depositions as to time and place is hereby waived, and it is agreed also that all objections to the materiality, competency and relevancy of any of the questions or answers may be read at the trial of this cause at the time said depositions are read with the same force and effect as is made at the taking of the depositions and the filing of written objections is waived.

"Dated this the 21st day of February, 1920. D. H. Cotten, by W. R. Chestnut, Attorneys for State. Dept. Co. Atty. Horace Blanton and Bennett & Wilson, Attorneys for defendants."

The depositions, after having been taken in accordance with the provisions of the foregoing stipulations, were duly certified, sealed, and transmitted to the court clerk of Ottawa county and were on file in said court prior to the beginning of the trial, and no motion to suppress, or other objection, was urged to these depositions prior to the beginning of the trial. The defendants, believing that counsel for the state would give full faith and credit to the stipulations entered into, and relying upon such stipulations, announced that they were ready for trial. Let it here be understood that counsel for the state, pursuant to the notice contained in the stipulations and pursuant to the agreements therein, appeared at the times and places mentioned in the stipulations and cross-examined the witnesses whose depositions were taken.

The first objection raised to the introduction and admission in evidence of said depositions was after the state had closed its case in chief and the said depositions were offered to be read in evidence in behalf of the defendants. The objections urged against the depositions were not objections to the materiality, competency, or relevancy of any of the questions or answers of any of the witnesses, but were objections to the introduction of any of the depositions as a whole and were in the nature of a motion to entirely suppress all the depositions taken. The trial court sustained the motion and objections to the introduction of the depositions, announcing that the decision of this court in the case of Westbrook v. State, 14 Okla. Cr. 423, 172 Pac. 464, controlled. In effect, the trial court held that because the depositions were not taken strictly in conformance with the letter of the statute providing for the taking of depositions by a commission, of witnesses residing out of the state, on behalf of the defendants, the depositions were clearly inadmissible and the trial court was powerless to receive them in evidence.

In Westbrook v. State, supra, this court held:

"The right to take and use depositions of nonresident witnesses in behalf of the defendant in a criminal case is statutory. Penal Code, art. 17. The statute regulates the practice in such cases, and its provisions must be substantially complied with."

In the body of the opinion it is said:

"Counsel for the defendant insist 'that the court erred in refusing to grant to the defendant a commission to take depositions.'

"The statutory provisions for the taking of depositions by the defendant in a criminal case are, in part, as follows:

"Section 6036, Rev. Laws 1910: 'When an issue of fact is joined upon an indictment or information, the defendant may have any material witness residing out of the state examined in his behalf as prescribed in this article and not otherwise.

" 'Sec. 6037. When a material witness for the defendant resides out of the state the defendant may apply for an order that the witness be examined on a commission to be issued under the seal of the court, and the signature of the clerk, directed to some party designated as commissioner, authorizing him to examine the witness upon oath or interrogatories annexed thereto, and to take and certify the deposition of the witness and return it according to the instructions given with the commission.

" 'Sec. 6038. Application must be made upon affidavit stating: First. The nature of the offense charged. Second. The state of the proceedings in the action and that an issue of the fact has been joined therein. Third. The name of the witness and that his testimony is material to the defense of the action. Fourth. That the witness resides out of the state.

" 'Sec. 6039. The application may be made to the court or judge himself, and must be upon five days' notice to the county attorney.

" 'Sec. 6040. If the court or the judge to whom the application is made, is satisfied of the truth of the facts stated and that the examination of the witness is necessary to the attainment of justice, an order must be made that a commission be issued to take his testimony, and the court or judge may insert in the order a direction that the trial be stayed for a specified time reasonably sufficient for the execution of the commission and return thereof, or the case may be continued.'

"Counsel for the state contend that under section 6040, above quoted, the issuance of a commission to take the deposition of a nonresident witness rests in the discretion of the trial court or judge, and that no abuse of discretion appears in this case.

"From the record it appears that the defendants, on the day they entered their pleas, served notice on the county attorney that they would make application to take the deposition of a nonresident witness, which application was supported by their affidavits, averring the facts required to be shown under the statute. The county attorney offered to waive notice and the issuance of a commission, and offered to appear at any time to take the deposition of said witness. Counsel for the defendants, very properly, we think, refused to accept this proposition. There is no inherent power in a court of record, to issue commissions to take depositions to be read in behalf of a defendant in a criminal case. The right to take and use the deposition of a nonresident witness in behalf of a defendant in a criminal case is statutory, and the procedure prescribed for taking and returning the same must be substantially complied with in order to make such deposition competent and admissible. We think the record shows a manifest abuse of judicial discretion in overruling the application of the defendants for a commission to take the deposition. In cases of this kind, where the defendant is on trial for his life, he should have the advantage of every right which the law secures to him upon his trial, and in a capital case, when notice is given and a proper affidavit for the taking of a deposition is made by the defendant and filed as soon as issue is joined by enter-

ing plea, it would be an abuse of discretion to deny an application properly made.''

In deciding the question involved in this case, which is materially different from that considered in the Westbrook Case, it is not necessary for this court to depart from the general principles of law concerning the inherent power of the trial court to permit the taking of depositions in a criminal case in any other manner than by commission, as provided in the Code of Criminal Procedure. Depositions in criminal cases were unknown to common law, and all the authority the trial courts of this state have in permitting depositions of non-resident witnesses to be taken in criminal cases must be derived from the statute, and neither the defendant nor the state can be compelled by the court to consent to the taking of depositions in a criminal case in any other mode than that prescribed by the statute.

Depositions taken in accordance with the provisions of the Criminal Code of Procedure are admissible in behalf of the defendant. Such statute clearly authorizes the use of depositions of nonresident witnesses in behalf of the defendant in a criminal case. However, a question is involved in this appeal which was not considered nor passed upon by the court in the Westbrook Case. The question here involved is whether or not the county attorney may consent to the use as evidence of depositions of nonresident witnesses taken without commission in behalf of a defendant as was here done, and, if so, should such consent, where no timely objection is urged in the trial court, be enforced. The doctrine is well established, and the principle is applicable to criminal as well as civil proceedings, that one should not complain of a thing done with his consent; however, this doctrine, like any other legal doctrine, is sometimes compelled to give way, because of the circumstances of the particular instance, to another of more compelling force which forbids its application. The decisions of this court are

full of the application of the doctrine above announced. Some instances of it may be enumerated as follows: (1) Waiver of jury trial. (2) Waiver of preliminary examination. (3) Consent to the admission of secondary instead of primary evidence. (4) Failure to interpose timely objection to the admissibility of evidence or to the argument of counsel, or to the instructions of the court. (5) Waiver of copy of indictment or information. (6) Waiver of list of witnesses. (7) Waiver of time to plead or for judgment.

Bishop says this law is analogous to the doctrine of estoppel. Bishop's New Criminal Procedure (2d Ed.) vol. 1, § 117.

Applying the doctrines of waiver or consent, which are practically analogous, because waiver is based on consent either expressed or implied, to the question involved in the instant case, the conclusion is reached that, although the trial courts of this state have no inherent power to authorize the taking of depositions of nonresident witnesses of this state in criminal cases otherwise than in accordance with the statutory provisions, the statute having authorized the taking of depositions of nonresident witnesses in behalf of the defendant, such statute should not be construed to prohibit the use in behalf of a defendant of depositions taken by the concurrent consent of the accused and the prosecution, where no timely objection is made to suppress them.

Section 5882, Revised Laws 1910, of the Code of Criminal Procedure, in part, provides:

"Except as otherwise provided in this and the following chapter, the rules of evidence in civil cases are applicable also in criminal cases."

There is nothing in the Criminal Code of Procedure providing the manner in which or time at which exceptions to depositions as a whole shall be made. In the absence of such

a provision, and because depositions in criminal actions were unknown to the common law, the following section, included within the Code of Civil Procedure, should control: Section 5092, Id., on exceptions to depositions as a whole, reads as follows:

"The court shall, on motion of either party, hear and decide the questions arising on exceptions to depositions as a whole, before the commencement of the trial."

The stipulations entered into between counsel for the state and for the defendant as to the taking and use of depositions of nonresident witnesses in behalf of the defendant in this case, after waiving notice of the time and place of taking these depositions, contain an agreement that—

"All objections to the materiality, competency and relevancy of any of the questions and answers may be read at the trial of this cause at the time said depositions are read."

Such language constituted a consent on the part of the legally constituted representatives of the state in the trial of said cause, if not expressly, clearly by implication, that such depositions should be read in evidence at the trial. In the face of such an agreement, it was manifestly unfair to the defendant in this case for the state's counsel to remain silent before the commencement of the trial and permit the counsel for the defendant, relying upon said depositions and their use at the trial, to announce ready for trial, if it was their intention thereafter to take any exceptions to the depositions as a whole. Such action on the part of the state's counsel was clearly contrary to the stipulations, and, in the light of the foregoing provisions of our Code of Procedure, amounted in our opinion to an unfair advantage, and we believe, in this instance, deprived the defendant of that fair and impartial trial which it is the purpose of our Constitution and statutes to afford an accused, and which substantial right this court has always

been zealous to protect.  In this state the county attorney is the legal representative of the state in all prosecutions on behalf of the state in the trial courts of record.  He has authority to bind the state by agreements as to criminal procedure, not directly in conflict with the plain constitutional and statutory provisions, as much so as the counsel representing the accused can bind him to such an agreement.  State v. Murphy, 48 S. C. 1, 25 S. E. 43.

In Wightman v. People, 67 Barb. (N. Y.) 44, it was held that an accused might consent to the admission of a deposition taken de bene esse before the trial in his presence and with his consent, though the statutory formalities had not been complied with.

In People v. Grundell, 75 Cal. 301, 17 Pac. 214, it is held:

"A defendant, on trial for larceny, having appeared by counsel, and consented that the testimony of a deposing witness be taken down and read in evidence, cannot, upon the trial, object to the reading of such deposition on the ground that it does not conform to all of the provisions of the Penal Code relating to depositions."

In the body of the opinion it is said:

"The prosecution also read in advance the deposition of one Rost, which was taken before Judge Belden in open court, and written down by the reporter of the court.  Certain objections were taken to the mode of authentication of this deposition, and also that there was no proof that the witness could not be produced at the trial.  It appears, however, that the defendant appeared by his counsel in open court, and consented that the 'deposition of Ernest Rost, a witness detained in custody to testify, may be taken; that the said testimony of the said witness be taken down by the shorthand reporter of this court, and the same may be by him hereafter written out, and said written notes of the direct and cross examination read in evidence upon the trial of said cause, with the same force and effect as if said witness were himself present and testifying.'

This was an express consent that this identical deposition should be read in evidence at the trial. There was no condition that it should be shown that the witness could not be produced. The deposition was taken as provided in the stipulation, and is to be governed by it, and not by the provisions as to depositions in the Penal Code. In this view the certificate was unnecessary.''

In Bishop's New Criminal Procedure (2d Ed.) vol. 2, § 1206, p. 1029, it is stated that depositions for the defendant, either under statutes or by consent of the prosecuting officer, may be taken.

If the defendant in a criminal prosecution may waive his constitutional right to meet the witness against him face to face, under certain circumstances (see Bishop's New Criminal Procedure (2d Ed.) vol. 2, § 1205, p. 1028), and consent that the deposition of an absent witness may be read against him (full opportunity for cross-examination having been afforded him), why may not the county attorney, as the legally constituted representative of the state, in a like prosecution and with like opportunities, be bound (however irregular his action may have been when viewed in the light of the statute on the subject) by his consent that depositions taken for the defendant in an irregular manner may be read at the trial. And further, where such consent is given, is not the doctrine of waiver applicable where such officer fails to object to depositions so taken at the appropriate opportunity?

In the case of Shutte v. Thompson, 15 Wall. 151, 21 L. Ed. 123, the Supreme Court of the United States, applying the principle of waiver, said the following:

''At the trial in the court below, the plaintiff offered to read in evidence the deposition of William Underwood, which had been taken in the cause, with the certificate annexed thereto, respecting the time, place and manner of taking it, and the court permitted the deposition to be read, though the

defendant objected and excepted to such permission. The decision of the court admitting the deposition is the first error assigned.

"The grounds of objection are stated specifically in the record. They are three in number. The first is that the deposition was not taken and certified by an officer authorized by the acts of Congress to take and certify a deposition, so that it may be read in evidence. The second is that it was taken without any affidavit of the cause or reason for taking it, and without any commission authorizing it. The third objection is that it was neither certified nor proved that the witness had been sworn to testify to the whole truth. No other reason for opposition to the reception of the deposition in evidence was stated in the court below, and no others are urged in this court."

"It is to be observed that the objections are all formal rather than substantial. Still they are quite sufficient to require the rejection of the deposition, if there is nothing in the case to countervail their effect. The act of Congress of September 24, 1789 (1 Stat. at L. 88, sec. 30), authorizes the deposition of an ancient, or any infirm person (among others), to be taken de bene esse, when the testimony of such person is needed in any civil cause depending in any district in any court of the United States. The deposition may be taken before any justice or judge of any of the courts of the United States, or before any chancellor, justice or judge of a supreme or superior court, mayor or chief magistrate of a city, or judge of a county court or court of common pleas of any of the United States, not being of counsel or attorney to either of the parties, or interested in the event of the cause. The act further provides for notice to the adverse party, and enacts that every person deposing as aforesaid shall be carefully examined and cautioned and sworn or affirmed to testify the whole truth. It is also further enacted that the depositions taken shall be retained by the magistrate until he deliver the same with his own hand into the court for which they are taken, or shall, together with a certificate of the reasons of their being taken, and of the

notice, if any, given to the adverse party, be by the magistrate sealed up and directed to the court, and remain under his seal until opened in court. It must be. admitted that the deposition of Underwood was not taken in conformity with these regulations. It does not appear that the witness was sworn to testify the whole truth. Nor does it appear that there was any certificate of the reasons why the deposition was taken. In addition to this, it was taken before a township justice, and not by any magistrate described in the act of Congress. But it is obvious that all the provisions made in the statute respecting notice to the adverse party, the oath of the witness, the reasons for taking the deposition, and the rank or character of the magistrate authorized to take it, were introduced for the protection of the party against whom the testimony of the witness is intended to be used. It is not to be doubted that he may waive them. A party may waive any provision, either of a contract or of a statute, intended for his benefit. If, therefore, it appears that the plaintiff in error did waive his rights under the act of Congress—if he did practically consent that the deposition should be taken and returned to the court as it was—and if by his waiver he has misled his antagonist— if he refrained from making objections known to him, at a time when they might have been removed, and until after the possibility of such removal had ceased, he ought not to be permitted to raise the objections at all. If he may, he is allowed to avail himself of what is substantially a fraud. Parties to suits at law may assert their rights to the fullest extent; but neither a plaintiff nor a defendant is at liberty to deceive, either actively or passively, his adversary, and a court whose province it is to administer justice, will take care that on the trial of every cause neither party shall reap any advantage from his own fraud.''

In the later case of Howard et al. v. Stilwell and Bierce Mfg. Co., 139 U. S. 199, 11 Sup. Ct. 500, 35 L. Ed. 147, it is said:

''The points made against the deposition of Odell by counsel for plaintiffs in error are, that it was not taken under any provision of the Revised Statutes of the United States,

and that section 914, Revised Statutes, relating to the adoption by the federal courts of the forms and modes of proceeding in civil causes in the state courts, has no application to the present inquiry. It will be observed that these points do not relate to the competency of the witness whose deposition was taken, or to the admissibility of the evidence given in it, but are based solely on objections as to the form of the commission and the manner of taking the deposition. The record shows that the cause was at issue May 20, 1886. The commission to take the deposition of the witness Odell was signed January 4, 1887. Notice of the issuing of the commission was served on the defendants, and they filed cross-interrogatories in the premises, at the same time making the following waiver: 'We waive copy of interrogatories and consent that commission may issue upon the original, direct and cross-interrogatories. (Signed) Lindsley & McCormick, Atty's for Defendants.' As already stated, the deposition was filed in the case on the 22d of January, 1887, and opened, at the request of the attorney for the plaintiff, on the 5th of February, following. The motion to suppress the deposition was not made until the 8th of February, when the case came on for trial. In our opinion, the motion in this instance was too late. The counsel for defendants, by waiving copy of the interrogatories, when notice of them was served upon them, and consenting to the issue of the commission, and practically uniting with plaintiff's counsel in executing it, by adding their own cross-interrogatories, and withholding the objections until after the trial had begun, must be considered as having waived such objections.''

See, also, Rich v. Lambert, 12 How. 347, 13 L. Ed. 1017; Sheibley v. Ashton, 130 Iowa, 195, 106 N. W. 618; Delisle v. McGillivary, 24 Mo. App. 680; Homberger v. Alexander, 11 Utah, 363, 40 Pac. 260; Com. v. Stone, Thacher, Cr. Cas. (Mass.) 604.

The doctrine of waiver is applicable here. The trial court erred to the prejudice of these defendants in suppressing the depositions as a whole upon objections made to them for the first time when the defendants offered them in evidence.

In justice to the county attorney, it should be stated in this opinion that he made no objection at the trial to the introduction of the depositions offered on behalf of the defendant, and taken according to the terms of the stipulations entered into between him and counsel for the defendants. The objections urged to the admission of the depositions in evidence came from counsel privately employed to assist in the prosecution.

It is further contended that the evidence is insufficient as to each of the defendants to sustain the conviction.

With this contention the court cannot agree. The evidence against the defendant Earl Blanchard is sufficient, but if, upon a retrial of this case, the state is unable to produce additional evidence against the defendant Mrs. Earl Blanchard, the prosecution as to her ought in justice to be dismissed. We discover no evidence against her sufficient to authorize her conviction as an accomplice in the killing of Stricker.

For reasons stated, the conviction as to each defendant is set aside, and the cause remanded to the district court of Ottawa county for another trial, and the warden of the state penitentiary is directed to surrender the defendants Earl Blanchard and Mrs. Earl Blanchard to the sheriff of Ottawa county upon proper demand.

DOYLE, P. J., and BESSEY, J., concur.