[No. 32087. Department One. April 10, 1952.]

THE STATE OF WASHINGTON, *Plaintiff*, v. MARSHALL E. CHRISTENSEN, *Defendant and Relator*.[1]

*Hugh H. Evans* and *Ellsworth J. Connelly*, for plaintiff.

*Geo. W. Young* and *Jack R. Dean*, for defendant and relator.

PER CURIAM.—This matter involves interpretation of Rule of Pleading, Practice and Procedure 26(a), 34A Wn. (2d) 84, providing for the taking of depositions for the purpose of discovery.

An information was filed in the superior court of Spokane county charging the defendant with the crime of robbery. After the prosecuting attorney served on counsel

[1] Reported in 242 P. (2d) 755.

for defendant a list of the state's witnesses, defendant filed and served on the prosecuting attorney a notice of intention to take depositions, before trial, of the state's witnesses for the purpose of discovery under the provisions of Rule 26(a). The prosecuting attorney then obtained an order directing defendant to show cause why he should not be restrained from issuing or attempting to issue subpoenas directed to the state's witnesses. This matter came before Honorable Charles W. Greenough, who entered an order restraining the issuance of such subpoenas.

Upon application of defendant, an alternative writ of mandate was issued out of this court directing said Honorable Charles W. Greenough to make and enter an appropriate order vacating and setting aside his order hereinabove referred to, or in the alternative, to show cause on the 28th day of March, 1952, why he should not do so. The matter was heard March 28, 1952.

■ Rule of Pleading, Practice and Procedure 26 (a), 34A Wn. (2d) 84, providing for taking the testimony of any person by deposition upon oral examination or written interrogatories for the purpose of discovery or for use as evidence in the action, or for both purposes, is applicable only in civil procedure and has no application in criminal procedure.

The application for a writ of mandate is denied, and the alternative writ heretofore issued out of this court is quashed.