Ruth Ellen PARMENTER, Petitioner,

v.

The STATE of Oklahoma, C. E. Allen, Judge of the Common Pleas Court of Tulsa County, Oklahoma, David Hall and Ted Flanagan, Respondents.

No. A–13312.

Court of Criminal Appeals of Oklahoma.

Jan. 2, 1963.

Sanders, McElroy & Whitten, Elliott Howe, Frederick A. Smith, Tulsa, for petitioner.

Ted Flanagan, Asst. County Atty., Tulsa County, Tulsa, for respondent.

BRETT, Judge.

This is an original action brought by Ruth Ellen Parmenter against the State of Oklahoma, C. E. Allen, Judge of the Common Pleas Court of Tulsa County, Oklahoma; David Hall, county attorney, and Ted Flanagan, assistant county attorney, respondents.

The issues involved may be succinctly stated as follows:

The petitioner, Ruth Ellen Parmenter, by proceeding under Title 22 O.S.1961 §§ 433–463, attempted to take depositions of witnesses endorsed on a preliminary information filed in the Court of Common Pleas, Tulsa County, charging her with procuring an abortion.

She and her attorneys were restrained by the common pleas judge from so proceeding. She then filed an original application for writ of mandamus to require the respondents to dissolve the restraining order, and to allow her to take depositions for the purpose of discovery.

In considering these issues, the first question presented is, shall we assume jurisdiction in the matter? If the petition and the issues as drawn under the law support the granting of the relief, we should assume jurisdiction.

The petitioner contends that the statute permits the taking of depositions in a criminal case as soon as the preliminary complaint has been filed and the witnesses listed thereon, citing as authority therefor the provisions of 22 O.S.1961 § 702, reading:

"Except as otherwise provided in this and the following chapter, the rules of evidence in civil cases are applicable also in criminal cases; * *."

And 12 O.S.1961 § 434, providing:

"Either party may commence taking testimony by deposition at any time after service of summons upon the defendant."

With this contention we cannot agree. To do so would be contrary to both the common law and the plain provisions of the Oklahoma statutes.

The basic statute for taking depositions in a criminal case is 22 O.S.1961 § 761, reading:

"When a defendant has been held to answer a charge for a public offense, he may either before or after indictment or information, have witnesses examined conditionally on his behalf as prescribed in this article, and not otherwise."

See also 22 O.S.1961 §§ 761–771, and 781–793.

This fixes the time in which the taking of depositions in a criminal case may be commenced. It says, "When a defendant has been *held to answer a charge for a public offense, he may either before or after indictment or information, have witnesses examined conditionally.*" Certainly that condition does not arise until the defendant has been bound over to answer the charge, after preliminary hearing which obviously precedes the information, or after an indictment by a grand jury, in a' felony case.

There can be no misunderstanding in the language of the last clause of the aforesaid statute, "and not otherwise."

. Thereafter follows in 22 O.S.1961 § 762 the enumeration of the conditions under which depositions may be taken after the preliminary hearing and the filing of information or indictment and the accused has been held to answer the charge.

These conditions are, first, if the witness is about to leave the state, or, second, is so sick or infirm as to afford reasonable grounds for apprehending he will be unable to attend the trial.

We know of no other conditions provided· in the statute for taking depositions in criminal cases, and· they shall not be taken otherwise, the statute says. Thereafter follows the procedural steps prescribed relative to contents of the affidavit therefor, notice and other procedural forms and practices.

This record does not reveal that any of the conditions for taking depositions in criminal cases ·exist in the case at bar as .a basis for obtaining the relief herein sought.

This court in Blanchard v. State, 21 Okl. Cr: 263, 207 P. 96, 27 A.L.R. 1032, said:

· "Depositions· in criminal cases were unknown to the common law. The authority trial courts of this state have in permitting depositions of non-resident witnesses to be taken in criminal .cases is .derived from the .statute, and neither the defendant nor the state

is required to consent to the taking of such depositions in any other mode than that prescribed by the statute."

In Ennis v. State, 13 Okl.Cr. 675, 167 P. 229, L.R.A.1918A, p. 312. this court said:

"Under the provisions of sections 6036, 6037, 6038, and 6039, R.L.1910 [22 O.S.1961 §§ 781, 782, 783, 784], one who is charged with crime has the right to apply to the trial court for permission to take depositions after an issue of fact is joined and not before."

See also Owen v. State, 13 Okl.Cr. 195, 163 P. 548, where we said:

"Under our Procedure Criminal the defendant has the right to take the deposition of any material witness residing out of the state, and this only when an issue of fact is joined upon an indictment or information."

In Gorum v. State, 67 Okl.Cr. 75, 92 P.2d 1086, it was said that "the statute regulates the practice in such cases and its provisions must be substantially complied with."

In the absence of a statute permitting depositions to be taken in criminal čases, as such permission has been granted in civil cases, we are bound by the plain provisions of the statutes in criminal procedure, limiting the taking of such deposition until after the issues have been joined by indictment or information, and under no other conditions.

It was said in State v. Christensen, Wash., 242 P.2d 755:

"The rule, providing for taking testimony of any person by deposition upon oral examination or written interrogatories for purpose of discovery or for use of evidence in action, or for both purposes, is applicable only in civil procedure and has no application in criminal procedure."

. See also Reed, Att'y Gen. v. Allen, 121 Vt. 202, 153 A.2d 74, 73 ·A.L.R.2d 1161;· Ex parte Denton, 266 Ala. 279, 96 Sɔ.2d 296.

Finally, we believe it is not necessary that such depositions be taken before preliminary hearing, since the preliminary hearing provides the vehicle by which to effect the object of depositions. Under 22 O.S.1961 § 257 it is provided:

"At the examination the magistrate must, in the first place, read to the defendant the complaint on file before him. He must, also, after the commencement of the prosecution, *issue subpoenas for any witness required by the prosecutor or the defendant."* [Emphasis now supplied.]

Under these provisions both the prosecutor and the defendant may subpoena all witnesses which they may choose and offer them for examination at the trial on the two questions—was a crime committed, and, is there reasonable cause to believe the defendant did commit the crime charged. At the hearing all witnesses whose evidence is material and relevant upon these issues should be heard. When witnesses are called by either the state or the defendant (22 O.S.1961 §§ 257, 259) it is the duty of the magistrate to hear them so long as the evidence relates to the issues involved in the proceeding. Such testimony on request of the state or defendant must be reduced to writing. 22 O.S.1961 § 258.

Nevertheless, it has been repeatedly held that a preliminary hearing is not a trial, since it is not conducted to determine the guilt of the accused, but only the two issues hereinbefore referred to. Lyon v. State, 55 Okl.Cr. 226, 28 P.2d 598; State v. Harris, 44 Okl.Cr. 116, 279 P. 925; McCurdy v. State, 39 Okl.Cr. 310, 264 P. 925, and other cases.

The application for writ of mandamus filed herein seeks an order directed to the trial court to require the respondent Judge, and those named in the petition therefor, to dissolve the restraining order issued in the trial court against the defendant taking depositions before the issues were joined by indictment or information after preliminary hearing. We are of the opinion that such application should be and the same is ordered dismissed, for the reason it fails to state facts and is without legal foundation entitling this court to assume jurisdiction thereof.

Under the circumstances and the authorities hereinbefore set out, the application for mandamus must be denied.

NIX, P. J., and BUSSEY, J., concur.