[No. 40604.　Department One.　November 20. 1969.]

THE STATE OF WASHINGTON, *Petitioner*, v. JOHN CAMPBELL SMITH, *Respondent*.*

*Robert E. Schillberg* and *David G. Metcalf*, for petitioner.

*Jordan, Britt & Templeman*, by *Henry Templeman*, for respondent (appointed counsel for appeal).

McGOVERN, J.—This is a review by certiorari of a lower court order granting a criminal defendant the right to take pretrial depositions of state witnesses.

*Reported in 461 P.2d 873.

February 15, 1968, defendant was charged in justice court with the crime of negligent homicide. June 4, 1968, the justice court action was dismissed and an information was filed against the defendant in superior court. Endorsed on the information were the names of six prospective state witnesses.

September 12, 1968, the state was served with a notice to produce for oral examination Washington State Trooper David Rheaume, one of the persons whose name was listed on the information as a prosecuting witness. The notice stated that the oral examination would be taken before trial pursuant to Rules of Pleading, Practice and Procedure 26, now CR 26. Trooper Rheaume did not appear for oral examination and defendant asked the trial court to stay the criminal proceedings until the state should consent to the deposition.

October 1, 1968, the trial court denied the motion for a stay of proceedings but entered an order requiring the state to produce its witnesses for the purpose of oral examination to be taken by the defendant. The court stated, among other things, that its authority for granting the order rested upon "the court's inherent administrative power" and not upon the civil rules of procedure applicable to the superior court. The state argues that the trial court does not possess such power and that even if it does, the granting of the order under the facts of this case constituted a manifest abuse of discretion.

The attempted use of oral depositions by criminal defendants was first considered by this court in *State v. Christensen*, 40 Wn.2d 329, 242 P.2d 755 (1952). There we found that the defendant had expressly proceeded under the rules of practice then applicable in civil causes. We held that the civil rules of procedure were not available in criminal proceedings, and, therefore, rejected defendant's application for an order granting him the right to depose state witnesses before trial.

Six years ago we noted a growing tendency in this state and elsewhere to liberalize the rights of criminal defendants to pretrial discovery procedures. *State v. Mesaros*, 62

Wn.2d 579, 384 P.2d 372 (1963). That inclination to extend those pretrial rights to criminal defendants has continued. Today, for example, oral depositions upon behalf of such defendants are permitted for limited purposes in most jurisdictions and for general discovery purposes in a few others. In Vermont, the criminal defendant's right to take oral depositions of prosecuting witnesses was established by statute in 1961. Thereafter, the effect of that legislation upon criminal proceedings was considered by all Vermont prosecutors and by all Vermont judges presiding over courts having criminal jurisdiction. It was reported that "after more than five years of practice under these statutes . . . [there was not] a single dissent calling for the return of the old law, either by a prosecutor, a judge or a defense counsel." Langrock, *Vermont's Experiment in Criminal Discovery*, 53 A.B.A.J. 732, 734 (1967). The experience in Vermont and other states allowing the use of depositions in pretrial criminal discovery should be of assistance to our state legislature and to this court as the discussion and debate concerning the availability of this useful pretrial procedure in criminal cases continues.

In *State v. Thompson*, 54 Wn.2d 100, 338 P.2d 319 (1959), we said that a trial court has the right to grant an order requiring a prosecuting attorney to produce evidence in his possession and that the granting or denial of a discovery motion rests within the sound discretion of the court. We did not say, however, that the right of discovery in criminal proceedings is absolute, or that an order for discovery may be granted without a showing of need, or unless it better serves the ends of justice. Such a showing constitutes a minimum requirement and is a condition precedent to the granting of the order. We said that criminal discovery "should ordinarily be considered somewhat in the nature of a 2-way street, with the trial court regulating traffic over the rough areas in a manner which will insure a fair trial to all concerned, neither according to one party an unfair advantage nor placing the other at a disadvantage." *State v. Boehme*, 71 Wn.2d 621, 632, 430 P.2d 527 (1967).

The same should at least be true of a motion by a criminal defendant to take the oral deposition of a state witness. Even assuming that under some circumstances trial courts do have the authority, and possibly the duty, to order a prosecuting attorney to produce state witnesses for pretrial oral examination by a criminal defendant, nonetheless the granting of such an order under the facts as presented in this case would not be proper. While it is certain that this defendant was not provided with the names and addresses of the prosecuting witnesses when the charge was pending in justice court, it is equally certain that he was given that information when the charge was filed against him in the superior court. The record is also clear that defendant neither contacted nor attempted to speak with any of the prosecuting witnesses during the 3 months immediately following the filing of the charge in superior court. There is no indication that the prosecuting witnesses were either unavailable or that they refused to cooperate with the defendant or his counsel. In fact, the record only indicates matters which would militate against the granting of the order.

Because the defendant did not avail himself of investigation procedures routinely available to him, and because he failed to support his motion to stay proceedings with a recitation of facts which would indicate to the trial court that justice would be denied unless the requested depositions were authorized, the granting of the order authorizing those depositions constituted a manifest abuse of discretion. The order of the trial court must therefore be vacated. It is so ordered.

HUNTER, C. J., HILL and HAMILTON, JJ., and DONWORTH, J. Pro Tem., concur.