## JOE DAVIS v. STATE.

No. 2619.    Opinion Filed January 11, 1919.

(177 Pac. 621.)

1. **INDICTMENT AND INFORMATION—Sufficiency.** Where the information avers every element of the offense charged, and fully informs the defendant of the charge he is called upon to meet, it is sufficient.

2. **APPEAL AND ERROR—Admission of Immaterial Evidence— Prejudice.** The admission of evidence not germane to the issue involved, but which in no wise tends to show the guilt of the defendant, while not approved, is not prejudicial error.

3. **EVIDENCE—Preliminary Evidence—Transcript—Signature by Witness.** Upon the examining trial of the defendant, I. C., a witness, was examined and cross-examined by the defendant, and the evidence of said witness taken down in shorthand, and a transcript thereof made, without being signed by said witness, and in the absence of proof that the stenographer who took such evidence was an official stenographer, or as to who filed the transcript in said trial court. On the trial of the case, and preliminary to the admission of said transcript of the evidence of said witness, it was proven that a subpoena had duly issued for said witness, and had been returned not found, and that the officer in whose hands said subpoena was placed made diligent search for said witness in the county in which said subpoena issued, and in several other counties in the state, and could not find him, and that said officer had been informed that said witness I. C. had left the state and gone to Kentucky. **Held,** (1) that the law does not designate who at an examining trial may take "in shorthand" the evidence of a witness, and any stenographer may do so, and a transcript of such evidence, without being signed by the witness, upon a proper predicate being laid therefor, may be legally admitted in evidence; (2) that, in the absence of evidence to the contrary, a transcript of the evidence of a witness taken at an examining trial and filed in a district court must be presumed to have been filed by the examining magistrate as provided by section 6623, Comp. Laws 1909 (section 5674, Rev. Laws 1910), as amended by chapter 68, Session Laws 1913: (3) that the transcript of the evidence of the witness taken at the examining trial of the defendant was properly admitted in evidence in this case.

4. **EVIDENCE—Hypothetical Question—Inclusion of Matters Not in Testimony — Exclusion of Material Testimony.** Hypothetical questions propounded to expert witnesses, which do not include all of the material testimony, or which include matters not in testimony in the case, are properly not permitted to be answered.

5. **HOMICIDE—Mutual Combat—Degree of Offense.** When the defendant voluntarily and willfully enters into a mutual combat in which he intentionally takes the life of his adversary, such killing will be none the less murder or manslaughter because the difficulty arose suddenly, or because the defendant may have been reduced to imminent peril during the progress of said difficulty.

6. **TRIAL—Directed Acquittal—Sufficiency of Evidence.** When there is sufficient evidence, though the evidence be in conflict, to establish the guilt of the defendant beyond a reasonable doubt of the offense charged in the information, or of any offense included in the offense charged therein, a request for a verdict of acquittal is properly denied.

7. **HOMICIDE—Manslaughter in First Degree—Sufficiency of Evidence.** The entire record in this case carefully read and considered and found free from prejudicial error, and that there is sufficient evidence to fully sustain the verdict in finding the defendant guilty of manslaughter in the first degree.

8. **WITNESSES—Credibility—Conviction of Crime.** To test the credibility of a witness he may be asked on cross-examination as to his having been convicted of any crime.

9. **TRIAL — Instructions—Request—Necessity.** If the instructions given as to defendant's aggression or his bringing on the difficulty and as to his right of self-defense were not sufficiently plain and correct, instructions further explanatory thereof should have been requested.

10. **SAME—Requested Instructions—Given Instructions.** Requested instructions are properly refused where fully covered by the instructions given.

11. **APPEAL AND ERROR—Harmless Error—Announcement of Penalty.** That the court announced the penalty upon the return of the verdict was not prejudicial to defendant where the sentence, as shown by the record, was not imposed until after the time provided by law in which it should be done.

*Appeal from District Court, Rogers County;*
*W. J. Campbell, Judge.*

Joe Davis was convicted of manslaughter in the first degree, and he appeals. Affirmed.

*Woodson E. Norvell* and *T. L. Brown,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.   The plaintiff in error, Joe Davis, and John Davis, his brother, were by information jointly charged with the murder of one Leslie C. Wolfenberger. Upon their trial the jury failed to agree as to the guilt of the defendant John Davis, and rendered a verdict finding the defendant Joe Davis guilty of manslaughter in the first degree, but failed to agree upon his punishment.   The court rendered judgment on the verdict, and sentenced the defendant Joe Davis to be imprisoned in the state penitentiary for a term of 25 years.   To reverse the judgment rendered he prosecutes this appeal.

The charging part of the information in this case is as follows:

"That on the 28th day of May, 1915, in the county of Rogers, state of Oklahoma, one John Davis and Joe Davis, then and there being, did then and there willfully, unlawfully, purposely, feloniously, and with malice aforethought, and without authority of law, and with a premeditated design then and there to effect the death of one Leslie C. Wolfenberger, did then and there, at and within the county of Rogers and state of Oklahoma, make an assault on the said Leslie C. Wolfenberger with a certain sharp and dangerous weapon, to wit, a knife or sharp instrument, the exact kind, size, and description of said knife or sharp instrument is unknown to this informant, and by them, the said John Davis and Joe Davis, then and there had and held in their hands, and they, the said John Davis and Joe Davis, did then and there unlawfully, willfully, feloniously,

and without authority of law and with malice aforethought, and with a premeditated design to then and there effect the death of the said Leslie C. Wolfenberger, beat, strike, cut, stab, and wound the person and body of him, the said Leslie C. Wolfenberger, with the said knife or sharp instrument so had and held as aforesaid, thereby beating, striking, cutting, stabbing, and wounding the neck, head, chest, and body of him, the said Leslie C. Wolfenberger, and thereby inflicting upon him, the said Leslie C. Wolfenberger, mortal wounds, of which said mortal wounds so inflicted in manner and form as aforesaid, so inflicted with the intent and purpose as aforesaid, the said Leslie C. Wolfenberger, in the county of Rogers, state of Oklahoma, on the 28th day of May, A. D. 1915, did then and there immediately die, and so, in manner and form as charged aforesaid, the said John Davis and Joe Davis did then and there kill and murder the said Leslie C. Wolfenberger, all of which was then and there contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the state."

The information was signed and properly verified by the county attorney, and has indorsed on its back the following:

"Criminal No. 711, Criminal Information. *State of Oklahoma v. John Davis and Joe Davis*, Charged with Murder. I have examined the facts in this case and recommend that a warrant do issue. Wm. M. Hall, County Attorney."

The defendant moved to quash the information upon the following grounds:

"First, because the same is not subscribed, indorsed, verified, and filed as required by law; second, because the same does not substantially conform to the provisions of the Code of Criminal Procedure."

On the hearing of the motion the court ordered that "I have examined the facts in this case and recommend

that a warrant issue. Wm. H. Hall, County Attorney," which was indorsed on the back of said information, be stricken therefrom, and overruled the motion to quash the information, to which the defendant excepted.

Thereupon the defendant demurred to the information upon the following grounds:

"First, because the said information does not state facts sufficient to charge this defendant with the commission of a public offense; second, because said information does not substantially comply and conform to the requirements of the Code of Criminal Procedure; third, because more than one offense is attempted to be charged in said information."

The court overruled the said demurrer and the defendant excepted.

The evidence in this case is very voluminous, covering over 600 pages of typewritten matter, and it would serve no useful purpose to set out the evidence in detail. The evidence shows that at the time of the homicide, which occurred about 3 a. m., and for several hours immediately prior thereto, the defendants were continuously under the influence of intoxicants; that the deceased was the night watchman of the town, and at the time of the homicide was armed with a pistol, and that shortly prior to the homicide the deceased and the defendants associated and drank together in a bawdyhouse, and left said bawdyhouse together, accompanied by others, and proceeded to a cafe, in front of which the killing occurred, and entered the same, and shortly afterwards left the cafe, and immediately thereafter the homicide occurred.

Though in conflict, there is evidence sufficient to warrant the jury in finding beyond a reasonable doubt that at the time and place alleged in the information, and in the

difficulty which resulted in the death of the deceased, the defendant Joe Davis was the aggressor, or at least willfully engaged in the difficulty, and that the said Leslie C. Wolfenberger came to his instant death at the hands of the defendant from several knife wounds inflicted upon him by said defendant. The defendant introduced an expert and asked him hypothetical questions, which, for the reasons hereinafter stated, we deem it unnecessary to set out *in extenso*, seeking to elicit proof that at the time of the killing, by reason of the previous indulgence of the defendant for several years in excessive use of intoxicants, the defendant was mentally incapacitated to commit crime, which questions, upon objection of the county attorney, the court refused to permit the witness to answer, and defendant excepted. The evidence was in direct conflict as to whether or not deceased was a dangerous man. There was also evidence tending to show that the deceased had made threats against the defendant which were communicated to the defendant. Upon the close of the testimony for the state the defendant moved for a directed verdict of acquittal, which was denied by the court and exception saved.

The defendant in his brief argued the following assignments of error:

(1) Overruling motion for new trial; (2) admitting incompetent and prejudicial testimony on the part of the state; (3) refusing to admit competent and material testimony offered by the defendants; (4) overruling motion to quash the information; (5) overruling demurrer to the indictment; (6) failure of the county attorney to strike the indorsement complained of from the information; (7) refusing to sustain challenge for cause against the jurors Ward, Dowell, and Stuard; (8) refusing the defendant additional peremptory challenges; (9) announcing on re-

ceipt of the verdict of the jury, without giving defendant any opportunity to file a motion for new trial, the penalty at twenty-five years; (10) instructions of the court 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, 14, 17; (11) the court erred in so framing instructions that the whole do not correctly state the law of the case, are confusing, conflicting, and prejudicial to the plaintiff in error; (12) the court in so framing the instructions that defendant's innocence could not be consistent with the guilt of his codefendant; (13) refusal of the court to grant a new trial on account of newly discovered evidence.

Each of said assigned errors will be considered, but not in the exact order above stated.

The testimony which was admitted over the objection and exception of the defendant is: (1) The transcript of the evidence given by Ira Clifton, a witness examined and cross-examined on the preliminary examination of the defendant for the offense here charged; (2) requiring the defendant to answer on cross-examination as to his having been convicted of an assault and battery; (3) pertaining to questions to Dr. Douglas as to his having an office girl, and as to a visit of Mrs. Wolfenberger to said doctor's office and his making an engagement with her.

The evidence of Ira Clifton was taken in shorthand, and a transcript thereof, made without being signed by him, was filed in the court in which this case was tried, and indorsed as a true copy of said testimony, which procedure was in strict compliance with section 6623, Compiled Laws, now constituting section 5674, Rev. Laws 1910. It is true that it does not appear by whom the said transcript was filed in said court; but, in the absence of any evidence to the contrary, it must be presumed that it was so filed by the examining magistrate upon the theory that it must be presumed that an officer does his duty. The

contention of the defendant that such transcript of the evidence of said witness is required by law to be made by an official stenographer is not well taken.

The evidence had preliminary to the admission of said transcript of the evidence of Ira Clifton is: That the said Ira Clifton had testified as a witness at the examining trial of the defendant in this case and was cross-examined by the defendant; that a subpœna duly issued for him as a witness for the state in this case; that said subpœna was placed in the hands of an officer, who made diligent search and inquiry for said Ira Clifton in several counties of the state, and was unable to find him; and that said officer had been informed that Ira Clifton had left the state and gone to Kentucky. We are of the opinion that a sufficient predicate was laid for the admission of said evidence, and that the court did not err in admitting the same.

Section 6623, Compiled Laws (Revised Laws 1910, sec. 5674). In *Prude Wadsworth v. State*, 9 Okla. Cr. 84, 130 Pac. 808, it is held:

"Where a witness has testified at an examining trial, and has been cross-examined by the opposing party, and his evidence is taken down and signed by him, or is taken in shorthand and transcribed without signing, and is filed with the clerk of the district court by the examining magistrate, such written statement, upon proof of the death of such witness, may be used as a deposition without further identification or verification."

Of course the same rule applies when the witness is beyond the jurisdiction of the court as it does when the witness is dead.

In the very exhaustive opinion of Presiding Judge Doyle in *Fitzsimmons v. State*, 14 Okla. Cr. 80, 166 Pac. 453, it is held that the following testimony was a sufficient

predicate for the admission of the transcript of the evidence:

"That J. W. Barrett and J. R. Long are the witnesses whose evidence is sought to be introduced by the transcript; that from every source or information I (officer testifying) could get, and covering within the last two months of diligent search, I know that these two witnesses are not within the jurisdiction of this court, and their whereabouts are unknown. I don't know whether they are outside of the state or not. I can't definitely state that. I do know their whereabouts are absolutely unknown as far as the state has been able to trace them."

On cross-examination the witness testified:

"You may state, Mr. Turner, to what extent you personally know that their whereabouts is not known. Have you any information, except the return on that subpoena, only hearsay? A. * * * I went over in Drumright, and inquired of Mr. Long's people over there (that is, his associates) if they knew where he went, and Mr. Barrett's also, and they told me he had gone, and they didn't know where he had gone. Mr. Billy Derrig, deputy sheriff, tells me he has made diligent search in this county, and cannot find these two witnesses, or any of them, except Billie Reed, whose evidence is not in this transcript; that he made diligent search for her, and at one time found her. Service was had on her, as the sheriff's return will show, in this county, and she went away. I talked with Mr. Bradley, deputy sheriff of Creek county, who served these papers over there, and he told me that he had searched Creek county high and low, but could not find these witnesses, and could not trace their whereabouts."

Thereupon the transcript of the testimony of the absent witnesses given at the preliminary examination was admitted and this action of the court was approved, this court saying:

"Upon a careful consideration of the evidence, we think that the objections were properly overruled."

The holding in said case is amply fortified by authorities cited in said opinion. We think the court did not err in admitting the transcript of the evidence of Ira Clifton.

That for the purpose of testing the credibility of a witness he may be asked on cross-examination as to his having been convicted of any crime has been repeatedly held by this court.

We are unable to see that the question permitted to be asked Dr. Douglas in regard to Mrs. Wolfenberger, especially as they were answered in the negative, could in any manner prejudice the defendant.

The other evidence admitted, of which the defendant complains as improperly admitted, we are of the opinion was not prejudicial to defendant.

The material testimony offered by the defendant and excluded as to the mental condition of the defendant, and the most important of this rejected evidence, was the hypothetical question propounded to Dr. Reeder.

The rejected testimony, we think, was properly excluded. The hypothetical question asked did not fairly state the evidence, omitting evidence in some parts and exaggerating it in other parts, and therefore the doctor was properly not permitted to answer said hypothetical questions.

"Hypothetical questions which do not include all of the material testimony, or which include matters not in testimony before the court, should not be propounded to expert witnesses." *Brown v. State*, 9 Okla. Cr. 382, 132 Pac. 359.

The information fully informed the defendant of the offense with which he was charged, and particularly alleged every element of the offense of murder, and certainly does not, as insisted by the defendant, charge him with two different offenses.

The motion to quash and the demurrer to the information were each properly overruled, and the court did not err in permitting the introduction of evidence in support of said information.

We are unable to see that the failure of the county attorney to strike from the information the indorsement directed by the court to be stricken was prejudicial to the defendant; besides, the attorneys of the defendant, if they desired said indorsement stricken, should have called the attention of the court to the failure of the county attorney to comply with the order of the court to strike said indorsement from the information, which the court could doubtless have required done.

We have carefully considered the several paragraphs of the instructions complained of, and are of the opinion that each of said instructions correctly states the law, except possibly in some instances they are more favorable to the defendant than he was entitled to, and were not prejudicial to him. If the instructions given as to the defendant being the aggressor or bringing on the difficulty, and as to his right of self-defense, were not sufficiently plain and correct, which we do not hold, instructions further explanatory thereof should have been asked, which was not done. *Lumpkin v. State,* 5 Okla. Cr. 489, 115 Pac. 478.

The errors assigned as follows: Failure to sustain challenges for cause of the jurors Ward, Dowell, and

Stuard; refusal of the court to allow the defendant additional peremptory challenges of the jurors; the prompt action of the court in announcing the penalty upon the receipt of the verdict; that the court so framed the instructions that the whole do not correctly state the law, are confusing, conflicting, and prejudicial to the defendant—are without merit.

Instruction No. 2, requested by the defendant and refused, was properly refused, because fully covered by instructions of the court.

We are unable to see that the defendant was prejudiced by the court announcing the penalty upon the return of the verdict, as sentence, as shown by the record, was not imposed until after the time provided by law in which the same should be done.

There is no question that the evidence shows that the defendant Joe Davis, if not the aggressor, at least willingly entered into the combat; that Leslie C. Wolfenberger came to his death from several knife wounds inflicted upon him by Joe Davis; that Joe Davis, beyond all reasonable doubt, was guilty of manslaughter in the first degree; and that therefore the court properly overruled the request for a directed verdict of acquittal.

"Where a defendant voluntarily * * * enters into a mutual combat in which he intentionally takes the life of his adversary, such killing will be none the less murder or manslaughter because the difficulty arose suddenly, or because the defendant may have been reduced to imminent peril during the progress of said difficulty." (*Wadsworth v. State*, 9 Okla. Cr. 84, 130 Pac. 808.)

The newly discovered evidence urged in support of a new trial and the other grounds set up in the motion for

a new trial do not show error in the court in overruling the motion for a new trial.

Finding no prejudicial error in the record, the judgment of the trial court is affirmed.

DOYLE, P. J., and MATSON, J., concur.