## JOHN DAVIS v. STATE.

No. A-2974. Opinion Filed January 20, 1919.

(177 Pac. 625.)

1-7. **INDICTMENT AND INFORMATION — Homicide — Companion Case.** The syllabus in this case is the same syllabus as that in its companion case of Joe Davis v. State, No. 2619, ante. p. 386, 177 Pac. 621, recently affirmed by this court, with the addition of the following paragraph.

8. **WITNESSES—Testimony—Variance.** Where a witness was ex-examined and cross-examined by the defendant at a preliminary examination, and at a subsequent mistrial of the case, but is absent at the final trial of the case and without the jurisdiction of the trial court, upon a proper predicate having been laid therefor, the state may legally introduce the transcript of such witness' testimony given at the preliminary trial, and if the defendant desires to attack the credibility of such witness, because of a material variance between his evidence at the preliminary trial and that at the mistrial, he may introduce such parts of such evidence given at the mistrial as show variant statements from those given at the preliminary trial.

*Appeal from District Court, Rogers County;*
*W. J. Campbell, Judge.*

John Davis was convicted of manslaughter in the first degree, and he appeals. Affirmed.

*Woodson E. Norvell* and *T. L. Brown,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J. The plaintiff in error, John Davis, hereinafter referred to as defendant, was jointly with Joe Davis, his brother, informed against for murder, tried separately, and convicted of manslaughter in the first degree, and sentenced to confinement in the penitentiary at hard labor for a term of 25 years. To reverse the judgment rendered, the defendant brings this appeal.

This case is a companion case to the case of *Joe Davis* v. *State* No. 2619), *ante,* p. 386, 177 Pac. 621, recently affirmed by this court, and both cases are submitted upon substantially the same brief, and all of the errors assigned in the instant case, except one to be hereinafter considered, were fully considered and determined in the said Joe Davis Case adversely to the contention of the defendant therein.

The error assigned in the instant case, but not assigned in the Joe Davis Case, is:

"That the court committed prejudicial error in admitting the evidence of a witness given at the preliminary examination of the defendant, because that subsequently the witness was examined in a former trial of the case to a jury."

It is earnestly contended by the defendant that the examination of the witness on a trial of the case to a jury superseded and destroyed the evidence given by the witness at the examining trial of the defendant and renders the same inadmissible at this trial of the defendant, but the defendant does not cite an authority in support of his said contention.

We are of the opinion that the said contention of the defendant is without merit, as the state had the legal right, upon showing that the witness was beyond the jurisdiction of the trial court, to introduce in evidence the evidence of the witness given at any former trial of the case where opportunity was afforded the defendant to cross-examine the witness. If the evidence of the witness at his different examinations in the case materially differed, the defendant had the legal right to introduce such conflicting evidence for the purpose of affecting the credibility of the witness, and the court did not err in permitting the state to intro-

duce in the case the evidence of the witness given at the examining trial of the defendant.

For the reason given, and upon the authorities cited in the said Case of Joe Davis, No. 2610, this case is affirmed.

DOYLE, P. J., and MATSON, J., concur.