## STATE v. M. L. HARRIS.

No. A-6765. Opinion Filed July 13, 1929.
Rehearing Denied August 3, 1929.
(279 Pac. 925.)

Edwin Dabney, Atty. Gen., Smith C. Matson, Asst. Atty. Gen., and Toby Morris, Co. Atty., for the State.

Wm. T. Powell, for defendant in error.

CHAPPELL, J.   This is an appeal by the state of Oklahoma from an order of the district court of Cotton county sustaining a motion to set aside an information and discharging the defendant from prosecution, for the reason that the evidence taken at the preliminary hearing was insufficient upon which to base any information charging the defendant with the crime charged in this cause or any other crime, and was wholly insufficient to authorize the state to proceed with the prosecution of the defendant.

Plaintiff and defendant agree that there is only one matter to be considered by this court on this appeal; that

being, Did the district court in quashing the information as shown by the record abuse its discretion in so doing? The defendant admits in his brief that the state made a sufficient showing at the preliminary hearing that the crime charged in the information had been committed. The only question left, therefore, in the case for this court to determine is, Did the evidence offered by the state show sufficient cause to believe that the defendant was guilty of the crime charged? It would serve no good purpose to set the evidence out in this record, but it is sufficient to say that the evidence shows, first, a motive for the defendant to commit the crime.

The property burned was a toll bridge. A free bridge was being built not very far from the location of the defendant's bridge. The building of this free bridge would practically wipe out defendant's investment. The defendant had $20,000 worth of insurance. The state next showed that the defendant was seen near the place where the fire started about sundown on the evening of the fire. Defendant first denied being at the bridge between 8 a. m. and 11 p. m. of that day, but later admitted that he was near the bridge at or about sundown. The defendant cursed and abused one witness he knew would testify to seeing him near the bridge, and tried to intimidate the witness. Defendant claimed to have seen the glare of the fire from the Texas side of the river, and phoned his wife that his bridge was on fire, although it was impossible for the defendant from the distance where he claimed to telephone to be able to tell whether it was his bridge or the railroad bridge burning.

The defendant, instead of wading the river, as it appears from the evidence he easily could have done, after discovering the fire, went around by the way of Burk-

burnett, went out of his way two miles and one-half to get some whisky, stopped at Devol for water in his radiator and air in his tires, and leisurely reached the scene of the crime after the fire had practically been put out by his neighbors. Arriving at the scene of the fire, the defendant said, 'Whoever burned this bridge did a good job;" that he had about enough insurance to pay for the nails in the bridge; that he would rather have the rest of the bridge burn. Defendant spent the rest of the night on the part of the bridge not burned before his return. During the night the remaining part of the bridge caught fire in several places. The defendant called no one to help him, and said he did not know how the balance of the bridge caught fire. The defendant admitted that coal oil cans found near the bridge were his, but later denied that they were. Waste saturated with oil was found on the stringers and various parts of the bridge. The state showed other circumstances tending to connect the defendant with the commission of this crime. The defendant did not take the stand, and made no explanation of his conduct, statements, or whereabouts.

In the case of State v. Bell, 13 Okla. Cr. 664, 166 Pac. 451, this court said:

"A motion to set aside an information on the ground that the proof offered at the examining trial is insufficient to establish the commission of the crime charged is addressed to the sound discretion of the trial court. On appeal by the state, therefore, this court will examine carefully all the facts and circumstances disclosed at the hearing on the motion, and determine whether or not the court abused his discretion. If not, the judgment of the trial court will be affirmed; if so, the judgment will be reversed, and the cause remanded for trial."

In the case of McCurdy v. State, 39 Okla. Cr. 310, 264 Pac. 925, 925, this court said:

"A preliminary examination, under the provisions of section 17, art. 2, of the state Constitution, is analogous to an investigation by a grand jury. The grand jury upon an investigation has authority to return an indictment which becomes the basis for a prosecution. The magistrate upon a preliminary examination has authority to hold an accused for trial, and when so held for trial and a transcript of his order is filed in the district court, the county attorney is authorized to file an information charging the offense for which accused is held by the committing magistrate. The information so filed then becomes a basis of the prosecution in all respects similar to a charge by indictment. It is subject to attack in the same manner as an indictment by motion to quash or by demurrer. An investigation by a grand jury or a preliminary examination by a magistrate is not a trial, and the rules of evidence are not applied as rigidly as in the trial of a case before the court.   *   *   *

"In order to warrant the magistrate in holding defendant for the action of the district court, it is only required that it appear that a public offense has been committed, and that there was sufficient cause to believe defendant guilty of an offense. Section 2495, Comp. St. 1921."

This court, in Ex parte Miller, 29 Okla. Cr. 301, 233 Pac. 775, quoted 1 Burr's Trial:

"In an examination of a complaint against Aaron Burr before Chief Justice Marshall, sitting as a committing magistrate, he said: 'On an application of this kind, I certainly should not require that proof which would be necessary to convict the person to be committed, on a trial in chief; nor should I even require that which should absolutely convince my own mind of the guilt of the accused, but I ought to require, and I should require, that probable cause be shown; and I understand probable cause to be a case made out by proof furnishing good reason to believe that the crime alleged has been committed by the person charged with having committed it.' I Burr's Trial, 12 [25] Fed. Cas. [page 2] No. 14692a."

The proof offered by the state being sufficient to establish probable cause that defendant committed the crime charged, it follows that the judgment of the district court of Cotton county setting aside the information should be reversed, and this cause remanded with directions to overrule the motion to set aside the information and proceed with the trial of this cause. It is so ordered.

EDWARDS, P. J., and DAVENPORT, J., concur.