**D. P. INVERARITY, Petitioner,**

v.

**Geo. W. ZUMWALT, Justice of the Peace, Vinita Township, Craig County, State of Oklahoma, Respondent.**

**No. A–11978.**

Criminal Court of Appeals of Oklahoma.

Jan. 19, 1955.

Hill & Nix, McAlester, for petitioner.

Mac Q. Williamson, Atty. Gen., James P. Garrett, Asst. Atty. Gen., L. O. Thomas, Co. Atty., Craig County, Vinita, for respondent.

BRETT, Judge.

This is an action brought by D. P. Inverarity, petitioner, wherein he seeks a writ of mandamus directed to George W. Zumwalt, Justice of the Peace, Vinita Township, Craig county, Oklahoma, directing him to dismiss a criminal complaint against the petitioner filed on November 2, 1949, charging the crime of obtaining property by false pretense (said property being cattle over the value of $1,000 and the offense constituting a felony), which said case is still pending.

Before petitioner was apprehended on the Craig county charge he entered a plea of guilty in Oklahoma county on August 24, 1951 to a charge of larceny of domestic animals and was thereafter incarcerated in the state penitentiary on said charge. He has been thus confined until he completed serving his said sentence on November 4, 1954 when he was claimed by the Craig county authorities by virtue of a hold order and he was returned to Craig county on or about November 5, 1954.

It further appears that while confined in the penitentiary and on or about May 28, 1953, petitioner filed with the Justice of the Peace George W. Zumwalt a motion to dis-

miss the complaint for the reason that he had not been accorded a public speedy trial as required by the Constitution and the statutes of the State of Oklahoma. Const. Art. 2, § 20; Title 22, § 13, Subsection 1, O.S. 1951.

On July 6, 1953 the petitioner appeared by his counsel urging the said motion to dismiss before the said Justice of the Peace, which was by the Justice of the Peace overruled. Thereafter the original petition for writ of mandamus was filed before this court and an opinion denying the same was entered herein on October 28, 1953. Inverarity v. Zumwalt, Okl.Cr., 262 P.2d 725.

Thereafter on May 14, 1954 the following letter was addressed to Mr. L. O. Thomas, county attorney of Craig county:

"Will you please advise me when you will have a preliminary hearing for the above named defendant?"

It appears that on May 19, the county attorney replied as follows, towit:

"In reply to your letter of May 14, 1954, have you made application for a preliminary hearing?"

Thereafter on May 24, 1954 an answer to the reply of May 19 was made as follows, towit:

"In reply to your letter of May 19, 1954, in which you inquire if we would make application for a preliminary hearing in the above matter, we presumed that you were aware of the fact that several months ago we filed application before the Criminal Court of Appeals of this state to dismiss this action for the reason that the defendant had not been given a speedy trial in the above styled case, now pending before the Justice of the Peace at Vinita, as we sent you notice of such hearing, and we further presumed that you therefore knew that this man was demanding a speedy trial.

"The pending of this case constitutes a hold on this defendant out at the State Penitentiary, and also makes it impossible for him to make application for any clemency as long as this case is pending against him, and he has been entitled to a trial ever since the case is pending and we feel that either he should be tried or the case dismissed."

After the petitioner was released from the penitentiary on November 5, 1954 he was arrested and taken for arraignment on the pending charge before George W. Zumwalt, and an amended petition for writ of mandamus to dismiss the action was filed herein. It is pertinent to note that none of the foregoing correspondence was directed to the respondent Justice of the Peace. It would have been of no consequence if it had, for a magistrate cannot act without jurisdiction.

In Hurst v. Pitman, Okl.Cr., 213 P.2d 877, 882, this court had a situation before it identical with the one at bar, except that the petitioner was confined therein in the federal penitentiary. In that case it was said:

"* * * the Criminal Court of Appeals has authority to issue the writ of mandamus to a Justice of the Peace Court when said court is sitting as a committing magistrate for the purpose of holding a preliminary examination for one accused of a felony. * * *

"The petitioner has never been in the jurisdiction of said Justice of the Peace Court. Warrants of arrest have been issued for Hurst, but have not been served for the reason that he is outside of the state of Oklahoma serving a sentence of imprisonment in a federal penitentiary in another state. The Justice of the Peace is not authorized nor required to set a date for the preliminary examination of one accused of crime until after the accused has been arrested and brought before the committing magistrate for arraignment upon the complaint filed against him.

"The petitioner evidently rests his case upon the Oklahoma Constitutional provisions which state that 'right and justice shall be administered without sale, denial, delay, or prejudice', Article 2, Section 6, and further 'in all criminal prosecutions the accused shall have the right to a speedy and public trial by an

impartial jury of the county in which the crime shall have been committed.' Article 2, Section 20.

"Petitioner cannot be tried upon the question of his guilt or innocence of the felony charges filed against him until after he has had or waived a preliminary examination, and been ordered held to await trial in the District Court. It is not possible to give him a preliminary examination until after he has been arrested and brought before the committing magistrate. * * *

"Our only concern is whether the respondent Justice of the Peace court has proceeded in a manner required by law. It is apparent that he has, and for that reason the writ of mandamus is denied."

Here also, this petitioner had never been arrested, and the justice of the peace is proceeding according to law. Jurisdiction of the person must exist before a justice of the peace court can conduct a preliminary hearing. Otherwise it would be acting contrary to law. We know of no statute which would authorize the justice of the peace to obtain the petitioner's release from the penitentiary, as a means of obtaining jurisdiction of his person, for the purpose of giving him a preliminary hearing. In the absence of such authority under the law, a justice of the peace cannot so act. But, where all the jurisdictional requisites are present and the justice of the peace court refuses to act in the matter of a preliminary hearing, then the remedy would be by writ of mandamus. People v. Barnes, 66 Cal. 594, 6 P. 698. If a justice of the peace court attempted to act in the matter of conducting a preliminary hearing without having acquired jurisdiction of the person such action would be unlawful for want of jurisdiction. Thus in the case at bar, the petitioner is in the anomalous position of attempting to force Justice of the Peace Zumwalt to do that which would have been unlawful for him to do for lack of jurisdiction of the person of the defendant. In McCurdy v. State, 39 Okl.Cr. 310, 264 P. 925, 927, it was held:

"An investigation by a grand jury or a preliminary examination by a magistrate is not a trial,' * * *."

State v. Harris, 44 Okl.Cr. 116, 279 P. 925; Taylor v. State, Okl.Cr., 247 P.2d 749; 22 C.J.S., Criminal Law, § 331, p. 483. The foregoing authorities hold a preliminary hearing as analogous to a grand jury proceeding; then it naturally follows the provisions of Article 2, § 20, Oklahoma Constitution, in regard to a speedy trial will not be applicable to the same, in the absence of the necessary jurisdictional requisites. Hence it logically follows that a prospective defendant cannot demand a speedy preliminary hearing until the justice of the peace court has acquired jurisdiction of the person of accused, whereupon he is then entitled to be arraigned and his right to bail determined.

The petitioner relies on the case of Application of Cameron, Okl.Cr., 258 P.2d 208, which is not in point, for therein the relief sought was to secure the dismissal of an action which was not being prosecuted in good faith. Therein the county attorney acted arbitrarily, stating he had no intention to ever try the accused and would neither release the hold on the accused nor bring his case to trial. To the contrary herein, it clearly appears this prosecution is not tainted by bad faith, but was instigated in absolute good faith, and is being pursued as rapidly as due process of law will permit. The right to a speedy trial has been repeatedly upheld, Article 2, § 20, Constitution of Oklahoma; Title 22, § 13, O.S.1951; McLeod v. Graham, 6 Okl.Cr. 197, 118 P. 160; State ex rel. Sims v. Caruthers, 1 Okl.Cr. 428, 98 P. 474; Davidson v. State, 82 Okl. Cr. 402, 171 P.2d 640. But as has hereinbefore set forth, this relief by way of writ of mandamus does not apply to a preliminary hearing, where jurisdiction had not attached to the defendant. We therefore are of the opinion in light of the foregoing, the petition for writ of mandamus must be and the same is hereby accordingly denied.

JONES, P. J., and POWELL, J., concur.