In re Habeas Corpus of E. M. (Pete) BISHOP.

No. A-14795.

Court of Criminal Appeals of Oklahoma.

June 26, 1968.

Elmore A. Page, Tulsa, for petitioner.
Pat Flanagan, Asst. Dist. Atty., Tulsa County, Tulsa, for respondent.

BRETT, Judge:

Petitioner herein, E. M. (Pete) Bishop, seeks his discharge from a judgment and sentence imposed on January 17, 1962, by the district court of Tulsa County, Oklahoma, on which he was sentenced to serve eight years in the state penitentiary for the offense of armed robbery, conjoint, after former conviction of a felony.

Petitioner and Max Leroy Steed, Jack Allen Barber, and Charles Henry Woods were jointly charged with the commission of armed robbery, allegedly committed on July 30, 1961. They were granted separate trials, and petitioner was tried by a jury and convicted. At a separate trial Jack Allen Barber was also convicted of the same offense. Barber's subsequent successful appeal to the United States Supreme Court by certiorari has a material bearing on the matter before the Court, and for that reason that case will be referred to herein.

At the preliminary hearing on the conjoint charge, held on August 22, 1961, in the Tulsa County Court of Common Pleas, one defendant, Charles Henry Woods, elected to testify for the State and his testimony was transcribed into record form. Subsequently, at petitioner's trial the State contended that the material witness, Charles Henry Woods, was unavailable to testify in that he was incarcerated in the federal penitentiary at Texarkana, Texas. Over defendant's objections the trial court permitted the reading of the transcript of the witness' preliminary hearing testimony. The same situation also existed when Jack Allen Barber was tried, except his counsel *did not* cross-examine the witness at the preliminary hearing, whereas petitioner's counsel *did* exercise his right to cross-examine the witness.

Petitioner attempted to appeal his conviction to this Court, but such appeal failed when the attorney general's motion to dismiss for the reason the case-made failed to contained a copy of the record of judgment and sentence, was sustained. See: Bishop v. State, Okl.Cr., 377 P.2d 845 (1963). Again, however, Jack Allen Barber did successfully appeal his conviction to this Court, on essentially the same grounds stated in petitioner's attempted appeal, but Barber's conviction was affirmed. See: Barber v. State, Okl.Cr., 388 P.2d 320 (1963).

Thereafter Barber sought relief in the Federal Courts by petition for writ of habeas corpus. Relief was denied in the U. S. District Court, 239 F.Supp. 265 and on appeal to the United States Court of Appeals, Tenth Circuit, 381 F.2d 479, the District Court's action was affirmed. Barber then appealed to the United States Supreme Court by certiorari. The Supreme Court accepted Barber's case, and on April 23, 1968 handed down its opinion reversing and remanding the denial of the writ of habeas corpus in the lower courts.

Petitioner now seeks relief in this Court by petition for writ of habeas corpus, basing his relief on the United States Supreme Court decision in Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255, October term, 1967. Petitioner contends the factual situation in his case is the same as that of Barber. Petitioner sets forth that the transcript of testimony of the absent witness, Charles Henry Woods, was read to the jury allegedly because the witness was "unavailable to testify", because of his incarceration in the federal penitentiary at Texarkana, Texas.

Petitioner further sets forth in his petition that his constitutional rights under the Sixth Amendment to the United States Constitution [confrontation clause thereof] were violated, when the trial court permitted the reading of the transcript of testimony of Woods, at his trial; and that the provisions of the Sixth Amendment have been made applicable to the states through the Fourteenth Amendment to the U. S. Constitution; and, that petitioner is therefore entitled to be discharged from the Tulsa County district court judgment and sentence.

Incidental to the earlier trial in Tulsa County from which petitioner is seeking relief, he was granted a parole from the State penitentiary on or about July 13, 1965. Thereafter, petitioner and several others were tried and convicted in the Federal District Court on "counterfeiting" charges, for which petitioner was sentenced by the U. S. District Court for the Northern District of Oklahoma in case No. 67–Cr–58, on May 21, 1968. In passing judgment and sentence, the U. S. District Court recognized the State's outstanding claim against petitioner, and provided that when such State sentence is completed, petitioner shall be delivered to the U. S. Marshal for commencement of his federal penitentiary sentence.

In the habeas corpus proceeding now before this Court, petitioner contends that the Tulsa County district court judgment and sentence is *void*, because his constitutional rights were violated when he stood trial; and that he is entitled to the same relief granted Jack Allen Barber, by the United States Supreme Court.

About the only difference between petitioner's situation and that of Jack Allen Barber is that Barber's counsel did not cross-examine Charles Henry Woods at the preliminary hearing, whereas as stated earlier, petitioner's counsel did so cross-examine the witness.

In meeting Barber's situation, the United States Supreme Court, speaking through Mr. Justice Thurgood Marshall, quoting from Mattox v. United States (1895), 156 U.S. 237, 242–243, 15 S.Ct. 337, 339, 39 L.Ed. 409, recited:

"The primary object of the [Confrontation Clause of the Sixth Amendment] * * * was to prevent depositions or ex parte affidavits * * * being used against the prisoner in lieu of a personal examination and cross-examination of

the witness, in which the accused has an opportunity, not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face to face with the jury in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief."

■ The crux of the Supreme Court's decision seems to lie in the recognized fact that the State made no showing that any effort whatsoever was made to return the witness from the federal penitentiary to testify; and the Court recites the existing provisions which permit the return of a federal prisoner to testify in a State trial upon a proper request being made. Instead, however, it appears that the State merely relied on the fact that the witness was outside the jurisdiction of the trial court, in the custody of federal authorities, and hence unavailable to testify. In meeting this proposition, the Supreme Court said:

"To suggest that failure to cross-examine in such circumstances constitutes a waiver of the right of confrontation at a subsequent trial [as contended by the State's Attorney] hardly comports with this Court's definition of a waiver as 'an intentional relinquishment or abandonment of a known right or privilege.' Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, (1938); and Brookhart v. Janis, 384 U.S. 1, 4, 86 S.Ct. 1245, 1246, 16 L.Ed.2d 314 (1966)."

■■ It is clear in Barber's case that the requirement of the "confrontation clause" was not met. However, in petitioner's case he admits that his counsel cross-examined the witness at the preliminary hearing; but petitioner contends further that such preliminary hearing cross-examination is not sufficient to meet the requirements of the "Confrontation Clause". We observe the dictum of the Supreme Court's decision continues in this regard:

"Moreover, we would reach the same result on the facts of this case *had petitioner's counsel actually cross-examined Woods at the preliminary hearing.* See Motes v. United States, 178 U.S. 458, 20 S.Ct. 993, 44 L.Ed. 1150, (1900). *The right to confrontation is basically a trial right.* It includes both the opportunity to cross-examine and the occasion for the jury to weigh the demeanor of. the witness. A preliminary hearing is ordinarily a much less searching exploration into the merits of a case than a trial, simply because its function is the more limited one of determining whether probable cause exists to hold the accused for trial." (Emphasis added).

■ We are of the opinion, however, that the Honorable United States Supreme Court decision does not preclude the use of such preliminary hearing testimony, in proper circumstances. The transcript of testimony recorded at the preliminary hearing may be read at the accused's trial when those circumstances exist. But in that instance, the State is required to show that a diligent effort has been made to locate the missing witness, *and that he is actually unavailable.* The Supreme Court said in reference to this question:

" * * * [T]here may be some justification for holding that the opportunity for cross-examination of testimony at a preliminary hearing satisfies the demands of the confrontation clause *where the witness is shown to be actually unavailable * * *.*" (Emphasis added.)

■ This Court provided in Newton v. State, Okl.Cr., 403 P.2d 913 (1965), that the admission of previous testimony of a missing witness is at the discretion of the trial judge. However, exercise of that discretion is subject to certain limitations. Those limitations ' include: that the testimony was taken down by a reporter in the presence of the defendant and his counsel, who cross-examined him; that the testimony was filed with

the clerk; that a proper predicate is laid for the introduction of such testimony, by showing the exercise of due diligence in attempting to locate the missing witness; and, that due diligence has been exercised in an effort to produce the witness, by timely issuance and service of subpoena. In the absence of such showing, the transcript of previous testimony should be denied by the trial court. See also: Fletcher v. State, Okl.Cr., 364 P.2d 713; Morrison et al. v. State, 59 Okl.Cr. 245, 57 P.2d 882.

 With reference to petitioner's contention that the denial of his constitutional rights at his trial prejudiced him, this Court said in Application of Fowler, Okl.Cr., 356 P.2d 770, 777 (1960):

"A denial of a constitutional right to a person prosecuted for a crime is prima facie prejudicial."

See also Howington v. State, 30 Okl.Cr. 243, 235 P. 931, 933.

And thereafter, on page 778 of 356 P.2d of the Fowler decision, supra, this Court said further:

" 'When a person is held in custody under a void order of commitment, or is imprisoned without due process of law under the sentence of any court of the state, it is not only within the authority of this court, but it is its duty upon habeas corpus to inquire into the illegality of the commitment when the matter is properly brought before it by petition, and if it be adjudged that the order of commitment was made without authority of law, the person will be entitled to a discharge from custody in order to preserve the constitutional right of all persons not to be deprived of liberty without due process of law.' Ex parte Meadows, 70 Okl.Cr. 304, 106 P.2d 139, 141."

We are, therefore, of the opinion that petitioner is entitled to relief in accordance with the reasons herein set forth.

It is therefore the order of the Court that the Warden of the state penitentiary, Ray H. Page, relinquish all custody of petitioner herein, E. M. (Pete) Bishop, to the Sheriff of Tulsa County, Oklahoma for further proceedings in the district court of Tulsa County, not inconsistent with the provisions of this opinion and the rule set forth in Barber v. Page, supra. Otherwise, he should be discharged from said judgment and sentence.

And, further, insofar as E. M. (Pete) Bishop is presently under sentence by the United States District Court for the Northern District of Oklahoma, in that Court's case No. 67–Cr–58, in the event the Tulsa County district court should discharge him from its judgment and sentence, he shall be retained in the custody of the sheriff of Tulsa County for possession by the Federal authorities, as directed by the United States District Court for the Northern District of Oklahoma.

Writ of habeas corpus granted in accordance herewith.

NIX, P. J., and BUSSEY, J., concur.