Glenn D. MAGILL, Petitioner,

v.

Bruno MILLER, Special Judge of the District Court of Oklahoma County, Respondent.

No. A–15297.

Court of Criminal Appeals of Oklahoma.

June 11, 1969.

Robert J. Turner and Carroll E. Gregg, Oklahoma City, for petitioner.

Curtis Harris, Dist. Atty., Tom Harley, Asst. Dist. Atty., Oklahoma City, for respondent.

BRETT, Presiding Judge:

Petitioner filed his petition in this Court asking that the Respondent herein, who is serving as the examining magistrate of the District Court of Oklahoma County, be required to protect his constitutional rights during his preliminary hearing in district court case CRF–69–670, on a charge of first degree rape. When the Rule to Show Cause was issued by this Court, all proceedings in petitioner's case were stayed until the further order of this Court, and the matter was set for hearing in this Court for May 13, 1969. Prior to the hearing petitioner filed a copy of the transcript of his hearing and at the conclusion of the hearing in this Court, petitioner was permitted to file a specification of instances wherein he contends his constitutional rights are being violated.

In substance, petitioner's complaints are that the examining magistrate has restricted his cross-examination of the prosecutrix; that the rules of evidence are being rigidly applied at his preliminary hearing; and that the magistrate abused his discretion in denying him the right to use a tape recorder to record the testimony for his own use only. He contends therein that because the previous rulings of this Court and as the result of the magistrates restrictions, he would be placed in jeopardy of having ex parte affidavits used against him in his trial, in the event any of the witnesses became unavailable at that time. In support of this position he relies on In re Bishop, Okl.Cr., 443 P.2d 768 (1968). In this respect, it appears that petitioner may be premature in his expectations.

However, notwithstanding the decision of In re Bishop, supra, it has long been recognized that a preliminary hearing is ordinarily a much less searching exploration into the merits of a case than that of a trial, because its function is more limited to one of determining whether or not probable cause exists for holding the accused for trial. This Court provided in Parmenter v. State, Okl.Cr., 377 P.2d 842 (1963), that it is within the discretion of the examining magistrate to hear testimony *so long as the evidence relates to the issues involved in the proceeding.* However the exercise of this discretion, i. e., limiting the taking of testimony at a preliminary examination, is subject to broad interpretation so long as the evidence is material to the issue involved; consequently in the exercise thereof, the strict application of the rules of evidence is not considered warranted. This Court, speaking through the late Judge Chappell, in State v. Harris, 44 Okl.Cr. 116, 279 P. 925, 926, (1929), said:

"An investigation by a grand jury or a preliminary examination by a magistrate is not a trial, and the rules of evidence are not applied as rigidly as in the trial of a case before the court." See also: Shapard v. State, Okl.Cr., 437 P.2d 565 (1967), at page 613.

We see no reason for changing the long standing practice in such matters,

and therefore conclude that petitioner's contention in this respect has no merit. However, we further conclude that any contention alleging the abuse of discretion by the examining magistrate should properly be considered by this Court ·on appeal of the case. We also observe in this respect, and especially in this particular matter, that the preliminary examination is not properly the forum for the defense counsel to conduct his investigation of a witness' former life. That is to be conducted by counsel, or his representative, outside the proceedings of the preliminary examination; and, whether or not such informational questions are proper is clearly within the discretion of the examining magistrate.

Concerning petitioner's complaint that he was not permitted to record the testimony for his own use, we actually see little harm which would result therefrom, but consider the use of an electronic recording device, without a stenographer, to be left to the discretion of the magistrate. We observe that 22 Okl.St.Ann. § 258 provides in part, as follows:

"* * * On the request of the [district attorney], or the defendant, all the testimony must be reduced to writing in the form of questions and answers and signed by the witness, or the same may be taken in shorthand and transcribed without signing, *and in both cases filed with the clerk of the district court, by the examining magistrate,* * * *."
(emphasis added)

In Davis v. State, 15 Okl.Cr. 386, 177 P. 621 (1919), this Court held:

The law not designating who may take in shorthand the evidence of a witness at an examining trial, any stenographer may do so.

We observe however, when that decision was rendered the use of electronic devices was unknown; and when the testimony was transcribed by the stenographer, it was verified by the stenographer for filing by the examining magistrate.

■ Insofar as the State now provides official court reporters for the purpose of preserving the record of proceedings, we are of the opinion that the use of a recording device by defense counsel, without being supplemented by a qualified stenographer, should be subject to certain conditions; and further, whether or not the privilege is to be exercised is within the judicial discretion of the examining magistrate.

■ In the event the magistrate permits the exercise of the privilege of using a recording device alone, it should be clearly understood that such recording is only for the benefit of the defendant and shall not be considered an official record; and such understanding should appear in the official record or minutes of the examining magistrate. Further, if a record is being made by the court reporter, accused's recording shall not be used to challenge the official record after it has been verified by the parties and filed with the district court clerk, by the magistrate. Likewise, the exercise of the privilege is subject to the actual physical conditions existent at the time and place where the preliminary examination is being held.

We do not consider it necessary to discuss each of petitioner's specified complaints, listed and itemized "a. through g." insofar as they are all related to the main question concerning the rules of evidence, and accused being restricted in his cross-examination of the witnesses.

We are therefore of the opinion, that the rules of evidence should not be rigidly applied during the preliminary examination of the accused; that the materiality of the questions propounded by counsel, as related to the issues involved in the proceeding, is left to the discretion of the examining magistrate; that any contention of the abuse of such discretion by the examining magistrate is a matter to be considered on appeal before this Court; and finally, whether or not the accused is to be permitted to utilize a recording device to transcribe the testimony of a preliminary examination is a matter left to the discretion of the examining magistrate, unless such

recording is supplemented by a qualified stenographer capable of transcribing the testimony, as provided in the statutes, and verifying the transcript thereof.

While there is considerable merit to certain aspects of Judge Nix's dissent hereto, the instances to which he makes reference —wherein the use of recording devices is permitted—each example he gives is exercised under the supervision of the court, including that of the court reporter. If it be said that defense counsel has a *right* to bring a tape recorder into the courtroom —with or without the magistrates permission—then the next declared right will be, that he is permitted to bring his own movie camera or video-tape apparatus to photograph the proceedings. In substance, what Judge Nix is saying is true, so long as it is maintained under the supervision and authority of the Court.

Referring to his lack of understanding, or bewilderment, concerning the stenographer requirement, we believe the stenographer is necessary under the Statute to provide any subsequent certification for the transcribed testimony, when no court reporter is present. It is not the function of this Court to read into the Statutes provisions which are not there in the nature of amendment. If Section 258 of Title 22 is to be amended to include the right of defense counsel to use recording devices, it is for the Legislature to make that provision.

Therefore, notwithstanding my colleague's dissent, the Writ prayed for is denied.

BUSSEY, J., concurs.

NIX, J., dissents.

NIX, Judge (dissenting):

I respectfully dissent to the opinion of Judges Brett and Bussey, as far as it relates to Syllabus Five and Six. In the instant case, the defense counsel brought to court a tape recorder to record the testimony of various witnesses. The recording machine was to be used for his own benefit and not as an official record. The As-sistant District Attorney objected to the defense counsel recording the testimony with his own machine and for his own benefit. The trial judge sustained the objection. The question of whether or not defense counsel was entitled to use the machine is before us for the first time.

Judges Brett and Bussey, in their opinion, hold it to be a privilege and not a right, and should be left to the discretion of the court. This holding is not supported by any authority or precedent of law. However, they say in their opinion:

"Concerning petitioner's complaint that he was not permitted to record the testimony for his own use, we actually see little harm which would result therefrom, but consider the use of an electronic recording device without a stenographer, to be left to the discretion of the magistrate."

Your writer is of the opinion that counsel's use of a recording machine in the courtroom is a right just the same as taking notes or having your own secretary take down the testimony at a trial where counsel is involved, especially where they have no official status, but is for counsel's own benefit.

This writer is further bewildered as to why a recording device used by defendant must be supplemented by a stenographer. After all, it's for his own use and benefit only, and has no official status. Why should he be required to have a stenographer present during the hearing? It would be necessary to take the stenographer from the office or hire one to sit and watch the machine work.

Modern day recording devices are quite inconspicuous and in no way or manner interfere with the orderly process of a hearing. As a matter of fact, the official reporters, in most instances, use a recording device. I could understand such a holding 40 years ago, but with modern scientific development creating a pushbutton society, recording devices no longer attract attention or arouse the curiosity of witnesses to

the extent of interfering with the decorum of the court.

Since 1960, Alaska has relied on electronic recordings to provide all records of proceedings in its trial courts. Now, the State of Illinois, is experimenting with an even more accurate method of recording court proceedings in the absence of a court reporter—Video-taping.

Video-taping system can be operated unobtrusively and does not require an elaborate studio setup in the courtroom. Two cameras, about the size of a volume of American Jurisprudence, can be hidden completely, are placed on the wall out of the line of vision of spectators, and these cameras tape the entire procedure and it is all operated and monitored from a trial vision control console about four feet square. American Bar Journal, Vol. 55, May, 1969, at page 457. Judge William M. Madden, who conducted the first court with video-taping, said:

> "There has been some comment that a videotape record is 'too good'. For better or for worse, however, the record is preserved in such a way as to defy misinterpretation of question, response, comment or demonstration. Comments or gestures pregnant with meaning are preserved intact for review and are not aborted by reducing them to sterile, typewritten testimony in a report of proceedings."

This, of course, has no bearing upon the question herein discussed, but only recited for the purpose of emphasizing the progress being made in preserving trial proceedings.

I can readily understand how it could be very beneficial to counsel to record the testimony at a preliminary hearing, and play it over from time to time, and be thoroughly familiar with said recording when it comes time for trial, thereby being better prepared to defend his client's rights.

The majority opinion says it's a privilege and not a right and leaves it to the discretion of the court. That was done in the instant case and defense counsel was de-

nied the opportunity of making his own recording. The majority opinion admitted no harm would come of it—.

Your writer says since no harm could come of it, and since it has no official status, and since it does not interfere with the decorum of the hearing, and since it would be of much help to the defendant and for his own use and benefit only, it should be permitted as a matter of right.